**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

| | |
|---|---|
| **DARLENE JOY DANTINE,** | **REPORT AND RECOMMENDATION** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:18-cv-00346-RJS-PMW** |
| **STEVEN GREGORY SHORES, SALT LAKE CITY CORPORATION, SALT LAKE COUNTY, and STATE OF UTAH,** | **Chief District Judge Robert J. Shelby** |
| **Defendants.** | **Chief Magistrate Judge Paul M. Warner** |

Chief District Judge Robert J. Shelby referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court is Plaintiff Darlene Joy Dantine's ("Plaintiff") complaint.[2]  At the outset, the court notes that Plaintiff is proceeding pro se in this case.  Consequently, the court will construe her pleadings liberally.  *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).  The court also notes that Plaintiff has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Accordingly, the court will review the sufficiency of Plaintiff's complaint under the authority of the IFP Statute.

---

[1] *See* docket no. 7-8.

[2] *See* docket no. 3.

[3] *See* docket no. 2.

## BACKGROUND

Plaintiff's complaint and other filings[4] are generally confusing and difficult to decipher. Based upon the allegations contained in those documents, it appears that this case stems from (1) the entry of civil stalking injunctions by the Utah Third District Court in favor of Defendant Steven Gregory Shores ("Shores") and against Plaintiff; and (2) a separate civil action that Plaintiff filed against Shores in Utah Third District Court (collectively, "State Proceedings").[5] Although Plaintiff asserts various claims against the defendants in this case, all of Plaintiff's allegations appear to be based upon events that transpired during the State Proceedings. In one portion of her complaint, Plaintiff affirmatively asserts that there are three separate Utah Third District Court cases that involve the same facts underlying the instant action.[6]

## LEGAL STANDARDS

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a

---

[4] *See, e.g.*, docket nos. 21, 28.

[5] *See generally* docket no 3.

[6] *See id*. at 5.

claim under rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).  Under that standard, the court "look[s] for plausibility in th[e] complaint."  *Id*. at 1218 (quotations and citations omitted) (second alteration in original).  More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief.  Rather than adjudging whether a claim is 'improbable,' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"  *Id*. (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

In undertaking that analysis, the court must be mindful that Plaintiff is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter*, 318 F.3d at 1187.  At the same time, however, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant," *Bellmon*, 935 F.2d at 1110, and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."  *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).  Further,

> [t]he broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based.  This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted.  Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the

> plaintiff's well-pleaded factual contentions, not his conclusory
> allegations.

*Bellmon*, 935 F.2d at 1110 (citations omitted).

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

## ANALYSIS

### I.     Review of Plaintiff's Complaint Under the IFP Statute

Plaintiff's complaint makes it clear that she is asking this court to review, to one extent or another, the State Proceedings.  Pursuant to the *Rooker-Feldman* doctrine, this court is precluded from conducting any such review.

"The *Rooker-Feldman* doctrine establishes, as a matter of subject-matter jurisdiction, that only the United States Supreme Court has appellate authority to review a state-court decision." *Merrill-Lynch Bus. Fin. Servs. v. Nudell*, 363 F.3d 1072, 1074-75 (10th Cir. 2004) (footnote omitted); *see also* 28 U.S.C. § 1257(a) (providing that the Supreme Court has jurisdiction to review "[f]inal judgments or decrees rendered by the highest court of a State in which a decision could be had"); *Bolden v. City of Topeka*, 441 F.3d 1129, 1139 (10th Cir. 2006) ("The *Rooker-Feldman* doctrine prohibits federal suits that amount to appeals of state-court judgments.").  "Thus, in applying the *Rooker-Feldman* doctrine, [the court] focus[es] on whether the lower federal court, if it adjudicated [the] plaintiff's claims, would effectively act as an appellate court reviewing the state court disposition." *Nudell*, 363 F.3d at 1075.

All of the allegations in Plaintiff's complaint center around the State Proceedings. Furthermore, Plaintiff admits in her complaint that the State Proceedings involve the same facts underlying this action. If this court were to adjudicate Plaintiff's claims in this case, it would "effectively act as an appellate court reviewing" the State Proceedings. *Id.* Thus, the court concludes that the *Rooker-Feldman* doctrine bars all of Plaintiff's claims in this action. Accordingly, the court should dismiss this action under the authority of the IFP Statute for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    Futility of Amendment

As previously noted, after reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay*, 500 F.3d at 1217 (quotations and citation omitted). The court has determined that Plaintiff could not provide any additional, plausible allegations that would save any of her claims from dismissal under the analysis set forth above. Accordingly, the court concludes that it would be futile to provide Plaintiff with an opportunity to amend her complaint.

### <u>CONCLUSION AND RECOMMENDATION</u>

Based upon the foregoing, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITH PREJUDICE under the authority of the IFP Statute. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after being

served with a copy of it.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 28th day of February, 2019.

BY THE COURT:

PAUL M. WARNER
Chief United States Magistrate Judge