IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **DARLENE JOY DANTINE**, <br><br> Plaintiff, <br><br> v. <br><br> **STEVEN GREGORY SHORES, SALT LAKE CITY CORPORATION, SALT LAKE COUNTY, and STATE OF UTAH**, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER OVERRULING PLAINTIFF'S OBJECTION AND ADOPTING REPORT AND RECOMMENDATION** <br><br> 2:18-cv-346 <br><br> Chief District Judge Robert J. Shelby <br> Magistrate Judge Paul M. Warner |

Plaintiff's Complaint and Objection are undeveloped and hard to decipher.[1]  Based on the allegations contained in those documents, this case seems to stem from a Utah state court's entry of a civil stalking injunction, as well as a separate civil action in Utah state court.  The case was referred to Magistrate Judge Paul M. Warner under 28 U.S.C. § 636(b)(1)(B).[2]  On February 28, 2019, Judge Warner issued a Report and Recommendation, in which he recommended dismissal of Plaintiff's Complaint without leave to amend.[3]  Judge Warner concluded Plaintiff's claims are barred by the *Rooker-Feldman* doctrine.[4]  On March 15, 2019, Plaintiff timely objected to the Report and Recommendation.[5]

Under Rule 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to

---

[1] Dkts. 3, 35.

[2] Dkt. 8.

[3] Dkt. 34.

[4] *Id.* at 4–5.

[5] Dkt. 35. *See* Fed. R. Civ. P. 72(b)(2); Fed. R. Civ. P. 6(d).

the magistrate judge with instructions."[6]  Here, Plaintiff fails to object to or discuss the *Rooker-Feldman* doctrine upon which Judge Warner based his recommendation.[7]  Instead, Plaintiff merely lists individuals and details those individuals' relationships with Plaintiff.[8]  Because Plaintiff did not object to any part of the Report and Recommendation, the court applies a clearly erroneous standard.[9]  Under that standard, the court will adopt the Report and Recommendation unless it "is left with the definite and firm conviction that a mistake has been committed."[10]

Having carefully reviewed the Report and Recommendation, the court concludes that Judge Warner's reasoning and conclusions are well supported.  As the Report and Recommendation correctly explains, (1) the *Rooker-Feldman* doctrine disallows this court from reviewing the state court decisions and (2) amendment would be futile.[11]  Accordingly, the court ADOPTS Judge Warner's Report and Recommendation, and it DISMISSES Plaintiff's Complaint without leave to amend.  The Clerk of Court is directed to close this case.

SO ORDERED this 1st day of August, 2019.

BY THE COURT:

_____

ROBERT J. SHELBY
Chief United States District Judge

---

[6] Fed. R. Civ. P. 72(b)(3).

[7] *See* Dkt. 35.

[8] *See id.*

[9] *See* 28 U.S.C. § 636(b)(1) (requiring de novo review only "of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) (mandating de novo review for "any part of the magistrate judge's disposition that has been properly objected to."); Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file *specific* written objections to the proposed findings and recommendations.")(emphasis added); Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3070.1 (3d ed. 2019) ("Failure to make appropriately specific objections excuses the district judge from doing a de novo review.").

[10] *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988).

[11] Dkt. 34 at 4–5.